**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882
Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **L.O.K., a Minor, and ELAINE KELSEY as L.O.K.'s Guardian and Next Friend**, | Case No.: |
| **Plaintiff,** | **COMPLAINT** |
| v. | |
| **GREATER ALBANY PUBLIC SCHOOL DISTRICT 8J, MARK GULLICKSON and JERRIE MATUSZAK** | **Demand for Jury Trial** |
| **Defendants.** | |

### INTRODUCTORY STATEMENT

### 1.

The Greater Albany Public School District 8J ("the District") denied its student, 11-year-old L.O.K., access to an education and barred them from extracurricular activities because L.O.K. is non-binary. It failed to respond to known harassment against L.O.K. based on their gender and admitted it could not provide a safe learning environment for L.O.K. This is an action arising under the Equal Protection Clause of the United States Constitution, 14th Amendment; Title IX of the Education Amendments of 1972; ORS 659.850 and ORS 659.852.

**PARTIES**

**2.**

L.O.K. is a resident of Albany, Oregon who is currently 11 years old. They are an intersex, gender-fluid child who uses gender-neutral pronouns ("they" and "them"). "Intersex" is a general term used for a variety of conditions in which a person is born with a reproductive or sexual anatomy that does not fit the typical definitions of female or male.

**3.**

Elaine Kelsey is a resident of Albany, Oregon and is the mother and legal guardian of L.O.K.

**4.**

Defendant Greater Albany Public School District 8J is a public school district in Albany, Oregon. It operates 14 elementary schools, including Oak Grove Elementary School. It is funded through monies appropriated by the Oregon legislature. It also receives federal funds.

**5.**

Defendant Jerrie Matuszak was at all material times the Principal of Oak Grove Elementary School in the Albany School District and undertook the actions alleged herein under color of law.

**6.**

Defendant Mark Gullickson was at all material times a teacher at Oak Grove Elementary School and was the coach of its extracurricular robotics team. Gullickson was L.O.K.'s third grade teacher. He undertook the actions alleged herein under color of law.

**FACTS**

**7.**

L.O.K. moved to Albany in 2015, the summer before their second grade year. They began attending Oak Grove Elementary School.

**8.**

In the third grade, L.O.K. began to identify as non-binary or genderfluid.

**9.**

L.O.K. and their mother, Elaine Kelsey, were open about L.O.K.'s gender identity to educators at Oak Grove. In the spring of their third grade year, L.O.K wrote an assignment for their teacher, defendant Gullickson, that showed their gender fluidity.

**10.**

L.O.K. and three of their friends began to be bullied about their gender identity or perceived sexual orientation. They discussed holding a "strike" because teachers were not doing anything about the bullying. They got sent to the principal's office for this and no corrective action was taken to address the harassment.

**11**.

At the end of their third grade year, in Spring 2017, L.O.K. told defendant Gullickson how excited they were about participating the next year on the robotics team that Gullickson coached. They signed up to be on the team the following year. Defendant Gullickson promised L.O.K. that he would let them know when robotics began in the Fall.

**12.**

Defendant Gullickson split the robotics team into binary, gender-segregated teams, one for boys and one for girls. Gullickson coached the one for girls, and a parent he recruited and supervised coached the one for boys. Gullickson had the children wear uniforms for the program. Girls had to wear a frilly, pink, tutu-like outfit, and the boys wore t-shirts.

**13.**

In fall 2017, defendant Gullickson never let L.O.K. know about the robotics teams starting up and did not invite L.O.K. to participate. When L.O.K. and Elaine Kelsey learned that the teams were practicing and the program was underway, Kelsey asked Gullickson about it. Gullickson refused to allow L.O.K. to join.

**14.**

Defendant Gullickson told Elaine Kelsey that L.O.K. was not eligible to be on the girls' team, and that the coach of the boys' team was not willing to coach L.O.K. either.

**15.**

Elaine Kelsey informed the principal, defendant Jerrie Matuszak, that defendant Gullickson was excluding and discriminating against L.O.K. Defendant Matuszak did not take corrective action.

**16.**

Elaine Kelsey gathered support from local businesses for another robotics program that she coached, so that all students could have an opportunity to participate. Defendant Gullickson attempted to undermine Kelsey's school-based robotics team.

**17**.

Later that school year, in May 2018, a teacher told L.O.K. that they would not be allowed to attend a field trip on the Oregon Trail if they did not wear a dress. The children were supposed to dress like pioneers and the teacher told L.O.K. that "she needed to wear 'girl clothing' since she was a girl." Only after Elaine Kelsey protested and argued that her own ancestor, a pioneer woman, did not always wear a dress did the teacher relent and allow L.O.K. to join.

**18.**

In approximately September 2018, when L.O.K. was preparing to begin fifth grade, Elaine Kelsey tried to register them at Oak Grove as non-binary. Oak Grove denied the request to register as non-binary. Kelsey had to inform defendant Matuszak that an Oregon Department of Education directive required the school to allow non-binary registration.

**19**.

Defendant Matuszak followed the directive but discouraged Kelsey from asking teachers and students to use gender-neutral pronouns. She told Kelsey that most teachers would refuse to use gender-neutral pronouns and said it could be unsafe for L.O.K. to ask that they do so.

///

Matuszak made it clear that she would not require teachers to refer to L.O.K. using the correct pronouns or take any other steps to make the environment safe for L.O.K.

**20.**

Oak Grove teachers and staff misgendered L.O.K. by using she/her pronouns or by insisting on identifying L.O.K. as a transgender boy. While some were open to using correct pronouns, they did not because they saw that it would be unsafe for L.O.K. in the school environment if they did so.

**21.**

Another student bullied and severely and harassed L.O.K. because of their gender identity. Among other things, the student told L.O.K. that she and other students would forcibly remove their clothing in order to inspect their genitals. The same student targeted and bullied other children at Oak Grove whom she perceived to be lesbian, gay, bisexual, transgender, queer, or intersex (LGBTQI). Upon information and belief, at least one previous victim of the bullying had become suicidal.

**22.**

L.O.K. reported the bullying to their mother Elaine Kelsey, and Kelsey reported the bullying on L.O.K.'s behalf to defendant Matuszak. The school took no effective corrective action and, on information and belief, took no disciplinary action toward the offending student.

**23.**

After L.O.K. and Elaine Kelsey complained to defendant Matuszak about defendant Gullickson excluding L.O.K. from the robotics team, defendant Gullickson became hostile toward L.O.K. He would stare at L.O.K. and stand unnecessarily close to them in a manner that was physically intimidating. Defendant Gullickson would appear in other teachers' classrooms, on the bus line, and in other settings where he had no apparent business and seek L.O.K. out with this unwanted attention.

///

///

**24.**

In September 2018, Elaine Kelsey reported defendant Gullickson's intimidating and harassing behavior to defendant Matuszak. Matuszak said that defendant Gullickson should not approach L.O.K. unless another school employee was present. Defendant Matuszak did not enforce her rule, however, and defendant Gullickson continued to intimidate and harass L.O.K.

**25.**

In October 2018, someone at Oak Grove put a derogatory and threatening article about gender non-conforming students in L.O.K.'s backpack. Elaine Kelsey reported this to defendant Matuszak. Defendant Matuszak responded that it was not possible for school staff to protect every child on the playground, bus, and other areas frequented by students at school. She took no corrective action.

**26.**

By November 2018, L.O.K. was experiencing so much stress at school that they could not concentrate on their studies. They were crying every morning before school and telling Elaine Kelsey that they did not feel safe. Kelsey repeatedly told defendant Matuszak that L.O.K. was having trouble at school due to bullying, defendant Gullickson's harassing and intimidating behavior, and the fact that teachers, students, and staff refused to recognize L.O.K.'s gender identity.

**27.**

Defendant Matuszak took no corrective action. She offered no support or resources. The school district provided no education or training to staff, teachers or students regarding non-discrimination on the basis of gender identity.

**28.**

When Kelsey became concerned that L.O.K. could become suicidal, she had no choice but to remove L.O.K. from regular classes at Oak Grove and enroll them in Albany Online School.

**29.**

L.O.K. participated in Albany Online for two months before their teacher resigned. The District then assigned a new teacher, Heather Hall. When Hall invited the online students to introduce themselves and L.O.K. did so, Hall responded to the other students but ignored L.O.K. Hall told Elaine Kelsey that she did not feel comfortable with L.O.K. identifying as non-binary and that she lacked training and guidance in how to respond.

**30.**

Albany Online left L.O.K. without an assigned teacher because no one was available who was comfortable working with a non-binary student. L.O.K. thus had no educational instruction for approximately three months. Kelsey had to pay for a private tutor for L.O.K. and take significant time off work to ensure she continued to receive an education.

**31.**

Albany Online acknowledged that there was no screening or training on gender identity issues for any of its teachers. Sheryl Clemetsen, an Online School Specialist at Albany Online, told Kelsey that if L.O.K. wanted teachers to use gender-neutral pronouns, L.O.K. should change their first name to something that sounded less like a "girl's name." She also told Kelsey: "This is Linn County. You can't expect people to be accepting of a non-binary person here."

**32.**

Clemetsen attempted to assign another teacher, Heather Bede, to work with L.O.K., but Clemetsen was not willing to train Bede or even talk to Bede about gender identity. Albany Online asked Elaine Kelsey to educate Bede herself. Kelsey spoke with Bede, who said she had no training or education in working with non-binary students and "had her own religious beliefs." Kelsey offered to pay for training for Bede, but the District refused. Kelsey attempted to be an intermediary for communications, but this quickly became unworkable. L.O.K. became more depressed.

///

///

Page 7 - **COMPLAINT**

**33.**

Elaine Kelsey requested that the District provide L.O.K. with mental health counseling services. The District said it could not. Kelsey requested that the District provide L.O.K. with an in-home tutor. The District said there was a long waitlist. L.O.K.'s only contact with the District during this time was through occasional state-sponsored testing. The teacher who facilitated that testing also continually mis-gendered L.O.K.

**34.**

During the time that L.O.K. was without educational instruction, they became increasingly isolated and depressed. They were unable to study without continuous adult supervision and expressed hopelessness and suicidal thoughts.

**35.**

After they began on-line school, L.O.K. continued to attend certain extra-curricular activities at Oak Grove, including orchestra class. On February 19, 2019, defendant Gullickson entered the classroom where L.O.K. and other students were practicing. He stood near L.O.K., watching them and making comments. He then made a hostile, sexual gesture. After that, Elaine Kelsey began sitting in the hallway outside of orchestra class so that L.O.K. would feel safe enough to attend.

**36.**

In March 2019, defendant Gullickson continued to watch the class through the windows and door, enter the classroom, and address other students while standing near to and glaring at L.O.K. Elaine Kelsey reported this hostile and intimidating behavior to defendant Matuszak. Matuszak took no corrective action.

**37.**

Both L.O.K. and Kelsey reasonably believed that the above-described behaviors violated state or federal laws, rules, and/or regulations that prohibit bullying and discrimination against students based on sex, sexual orientation, and/or gender identity.

**38.**

In approximately March 2019, Elaine Kelsey attempted to make a Title IX complaint by calling the phone number that the District's website said was the number for Title IX complaints. The person who answered the phone said she could not take a Title IX complaint and Kelsey should speak to the superintendent. Kelsey asked to make an appointment with the superintendent, but was told that the superintendent only had that position on an interim basis and could not assist her. Kelsey then asked to meet with the Assistant Superintendent, Lisa Harlan, to make a complaint. She was told that was not possible because Harlan only handles curriculum issues. Kelsey left a message with Harlan but got no response. Defendant gave Kelsey no way to file a complaint.

**39.**

In approximately April 2019, the Corvallis School District granted L.O.K. an emergency inter-district transfer. L.O.K. began attending school in Corvallis.

**40.**

On October 1, 2019, Elaine Kelsey submitted a grievance to the Greater Albany School Board complaining of the discrimination against L.O.K. The Board did not respond.

**41.**

On September 30, 2019, Elaine Kelsey sent an Oregon Tort Claim Notice to the District.

**FIRST CLAIM FOR RELIEF**
**U.S. CONSTITUTION, 14TH AMENDMENT**
**42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

Plaintiffs repeat and reallege paragraphs 1 through 41 as though fully restated herein.

**42.**

By the acts and omissions described above, defendants Greater Albany Public School District 8J, Gullickson, and Matuszak discriminated against L.O.K. because of sex, gender identity, and/or intersex condition in violation of their right to equal protection of the laws

enshrined in the 14th Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

**43.**

Defendants Matuszak and Gullickson committed their unlawful discrimination against plaintiff pursuant to the Greater Albany School District's longstanding practice or custom of failing to protect gender-nonconforming students from bullying and harassment and failing to provide such students with an environment that allows them to safely participate in school.

**44.**

Defendant Matuszak, acting as a final policymaker, discriminated against plaintiff by failing to take corrective action to remedy the unlawful discrimination. Defendant District maintained a policy, practice or custom that included, but was not limited to condoning teachers who were unwilling or unable to teach L.O.K. because of their gender identity; knowingly allowing and encouraging mis-gendering of students; failing and refusing to respond to known harassment on the basis of gender identity; and failing to educate or train teachers and staff about gender identity and non-discrimination on the basis of gender identity.

**45**.

Defendants' discrimination against plaintiff was intentional or undertaken with deliberate indifference to plaintiff's constitutional rights. Defendants had no exceedingly persuasive justification for their discrimination.

**46**.

As a result of defendants' discrimination, plaintiffs have suffered economic and non-economic damages in amounts to be determined by a jury at trial. These damages include but are not limited to denial of access to an education; exclusion from regular school activities and the friends and experiences that would allow; fear, humiliation, depression, isolation, and suicidality; lost work time for Elaine Kelsey; the costs, travel, time and disruption to learning, to friendships, and to extracurricular activities of having to move to a different school district that is farther away and separate from L.O.K.'s home district.

**47.**

Punitive damages in an amount to be determined by the jury should be awarded to punish defendants and deter them and others from acting in a similar manner in the future.

**48.**

Plaintiffs are also entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF TITLE IX, 20 U.S.C. § 1681(A) (DISCRIMINATION)
### AGAINST GREATER ALBANY SCHOOL DISTRICT

Plaintiffs repeat and reallege paragraphs 1 through 48 as though fully restated herein.

**49.**

Defendant Greater Albany School District had actual knowledge of discrimination on the basis of sex against L.O.K. This discrimination included, but was not limited to, a hostile educational environment that was so severe or pervasive that it deprived them of educational opportunities and benefits.

**50.**

Defendant District took no effective correct action to address the discrimination and harassment that it knew was occurring. Defendant further took no steps to educate or train teachers in non-discrimination on the basis of sex or gender identity so that L.O.K. could have an educational environment free from harassment and discrimination. Defendant's failures to address known harassment and discrimination were clearly unreasonable in light of the known circumstances and were deliberately indifferent in violation of Title IX of the Education Amendments of 1972.

**51.**

Plaintiffs have suffered damages and injuries as a result of Defendant's violations of Title IX.

**52.**

Defendants' actions were taken in reckless disregard for L.O.K.'s rights, and punitive damages should be awarded to punish and deter similar conduct in the future.

**53.**

Plaintiffs are also entitled to their reasonable attorney fees and costs.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF TITLE IX, 20 U.S.C. § 1681(A) (RETALIATION)**
**AGAINST GREATER ALBANY PUBLIC SCHOOL DISTRICT 8J**

Plaintiffs repeat and reallege paragraphs 1 through 53 as though fully restated herein.

**54.**

But the acts described above, plaintiff L.O.K., on their own and through their mother Elaine Kelsey, complained of discrimination in violation of Title IX and asserted their rights to non-discrimination under Title IX.

**55.**

Defendant retaliated against L.O.K. for their protected conduct in the following ways:

a) Discouraging them from requesting that teachers and students use the correct pronouns;

b) Refusing to protect L.O.K. from severe bullying by other students;

c) Allowing defendant Gullickson to single out L.O.K. and treat them in a hostile and intimidating manner;

d) Denying L.O.K. an environment in which they could safely participate in school, and thus compelling them to leave the classroom setting and enroll in on-line school;

e) Failing to provide L.O.K. with any educational instruction for approximately three months.

**56.**

As a result of defendant's retaliation, L.O.K. has suffered economic and non-economic damages in amounts to be determined by a jury at trial. These damages include but are not limited to denial of access to an education; exclusion from regular school activities and the friends and experiences that would allow; fear, humiliation, depression, isolation, and suicidality; lost work time for Elaine Kelsey; the costs, travel, time and disruption to learning, to friendships, and to extracurricular activities of having to move to a different school district that is farther away and separate from L.O.K.'s home district.

**57.**

Punitive damages in an amount to be determined by the jury should be awarded to punish defendants and deter them and others from acting in a similar manner in the future.

**58.**

Plaintiffs are also entitled to reasonable attorney fees and costs.

**FOURTH CLAIM FOR RELIEF**
**ORS 659.850**
**AGAINST GREATER ALBANY PUBLIC SCHOOL DISTRICT 8J**

Plaintiffs repeat and reallege paragraphs 1 through 58 as though fully restated herein.

**59.**

Through the acts and omissions described above, defendant District discriminated against L.O.K. in violation of ORS 659.850 by subjecting them to unreasonable differential treatment on the basis of sex and sexual orientation.

**60.**

Plaintiff timely submitted a grievance to the school board but received no response.

**61.**

As a result of defendants' discrimination, L.O.K. has suffered economic and non-economic damages in amounts to be determined by a jury at trial. These damages include but are

not limited to denial of access to an education; exclusion from regular school activities and the friends and experiences that would allow; fear, humiliation, depression, isolation, and suicidality; lost work time for Elaine Kelsey; the costs, travel, time and disruption to learning, to friendships, and to extracurricular activities of having to move to a different school district that is farther away and separate from L.O.K.'s home district.

**62.**

Defendant's discrimination was intentional or taken in reckless disregard of plaintiffs' rights. Punitive damages in an amount to be determined by the jury should be awarded to punish defendant and deter it and others from acting in a similar manner in the future.

**63.**

Plaintiffs are further entitled to their reasonable attorney fees and costs.

**FIFTH CLAIM FOR RELIEF**
**ORS 659.852**
**AGAINST GREATER ALBANY PUBLIC SCHOOL DISTRICT 8J**

Plaintiffs repeat and reallege paragraphs 1 through 63 as though fully set forth herein.

**64.**

L.O.K., on their own and through their mother Elaine Kelsey, in good faith reported information that they believed was evidence of a violation of a state or federal law, rule and/or regulation in the following ways:

a) Informing the defendant Matuszak that she was required under a Board of Education Directive to allow L.O.K. to register for school as non-binary;

b) Reporting to defendant Matuszak that another child was severely bullying L.O.K. based on L.O.K.'s sex or sexual orientation;

c) Reporting to defendant Matuszak that defendant Gullickson had excluded L.O.K. from the gender-segregated robotics team;

d) Reporting to defendant Matuszak that defendant Gullickson was treating L.O.K. in a hostile and intimidating manner;

e) Reporting to defendant Matuszak that L.O.K. felt unsafe at school and was having difficulty learning;

f) Attempting to file a Title IX complaint against defendant.

**65.**

Defendant retaliated against L.O.K. for these reports in the following ways:

a) Discouraging Elaine Kelsey from requesting that teachers and students use the correct pronouns;

b) Refusing to protect L.O.K. from severe bullying by other students;

c) Allowing defendant Gullickson to single out L.O.K. and treat them in a hostile and intimidating manner;

d) Denying L.O.K. an environment in which they could safely participate in school, and thus compelling them to leave the classroom setting and enroll in on-line school;

e) Failing to provide L.O.K. with any educational instruction for approximately three months.

**66.**

The above-described actions denied L.O.K. academic opportunities, excluded L.O.K. from academic and extracurricular activities, and were otherwise adverse in that they substantially disadvantaged L.O.K.

**67.**

Plaintiffs have suffered humiliation, injustice, and other emotional distress as a result of defendant's acts.

**68.**

Plaintiffs are entitled to economic and non- damages in an amount to be determined by the jury.

Page 15 - **COMPLAINT**

**69.**

Defendant's retaliation was intentional or taken in reckless disregard for plaintiff's rights.
Punitive damages in an amount to be determined by the jury should be awarded to punish
defendant and deter it and others from acting in a similar manner in the future.

**70.**

Plaintiffs are further entitled to their reasonable attorney fees and costs.

WHEREFORE, plaintiffs request that this Court enter judgment in her favor and award
the following relief:

(a)    Injunctive relief requiring defendant District to redress its violations of Federal
and State law including (1) adopting and enforcing, with the assistance of outside experts, a
comprehensive policy and training program regarding non-discrimination on the basis of gender
identity, including but not limited to a requirement that teachers and staff recognize and refer to
children by the gender they identify; (2) effectively enforcing anti-harassment and anti-bullying
policies including creating procedures for effective reporting, requirements for investigating
reports, and requiring disciplinary consequences; (3) hiring a counselor for Oak Grove
Elementary as Oregon law requires and ensuring that counselor is trained in gender identity
issues and harassment; and (4) providing for an annual, independent review by the
Superintendent, with the participation of outside reviewers, of compliance with the non-
discrimination and anti-harassment policies.

(b)    An award of damages in an amount to be established at trial, including, without
limitation, damages for deprivation of equal access to the educational benefits and opportunities
provided by defendants; and damages for past, present, and future emotional pain and suffering,
ongoing and mental anguish, and loss of past, present, and future enjoyment of life;

(c)    An award of punitive damages in an amount sufficient to deter future violations;

(d)    An award of pre- and post-judgment interest;

(e)    An award of costs and attorney fees, and

(f)    Such other relief as is just and equitable.


Respectfully submitted this 31st day of March, 2020.

JOHNSON JOHNSON LUCAS & MIDDLETON PC


/s/Jennifer J. Middleton
**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
**Caitlin V. Mitchell,** OSB No. 123964
cmitchell@justicelawyers.com
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
Attorneys for Plaintiff