**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
**Caitlin V. Mitchell**, OSB No. 123964
cmitchell@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: 541-484-2434
Fax: 541-484-0882
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| L.O.K., a Minor, and ELAINE KELSEY as L.O.K.'s Guardian and Next Friend,<br><br>      **Plaintiff**,<br><br>v.<br><br>GREATER ALBANY PUBLIC SCHOOL DISTRICT 8J, MARK GULLICKSON and JERRIE MATUSZAK<br><br>      **Defendants.** | Case No.: 6:20-cv-00529-AA<br><br>**MOTION TO RECONSIDER RESPONSE TO JURY QUESTION** |

  The jurors submitted the following question: To answer "yes" to question (2) on the verdict form, do we also need to answer "yes" to element (2) of "Special Instruction—Equal Protection" in the jury instructions? Question (2) on the verdict form is: "Did Jerrie Matuszak treat Lior differently than others who were similarly situated?" Element (2) in "Special Instruction—Equal Protection" is: (2) "The unequal treatment was based on gender." The Court answered "Yes" to the jurors' question. We ask that the Court reconsider and answer the question, "No."

Page 1 - **MOTION TO RECONSIDER RESPONSE TO JURY QUESTION**

In an Equal Protection claim in the sex-based peer harassment context, unequal treatment based on gender is established by showing that a student was subjected to sex-based harassment by peers; that the defendant treated that student differently by failing to enforce its policies to protect that student; and that the defendant acted with deliberate indifference. The discriminatory act is that the defendant knowingly allowed the gender-based harassment to happen.

This standard is laid out in *Flores v. Morgan Hill Unified School Dist.*, 324 F.3d 1130 (2003). The plaintiffs were students who were, or were perceived to be, LGBTQ. As in this case, the plaintiffs alleged that defendants "failed to stop name-calling and anti-gay remarks." As in this case, the plaintiffs alleged that defendants "failed to enforce the District's disciplinary, anti-harassment and anti-discrimination policies to prevent . . . harm to the plaintiffs." *Id*. at 1125. The sexual-orientation-based, differential treatment in *Flores* was that the defendants treated complaints of harassment based on sexual orientation differently from complaints of harassment that were *not* based on sexual orientation. *Id*. at 1135. The differential enforcement of the policies with respect to sex-based harassment is what established the violation:

> The guarantee of equal protection . . . does not itself prescribe specific duties. It requires the defendants to enforce District policies in cases of peer harassment of homosexual and bisexual students in the same way that they enforce those policies in cases of peer harassment of heterosexual peers.

*Id*. at 1137. The Court did not require additional evidence that the defendants' act of treating the plaintiffs' sex-based harassment complaints differently was based on gender. That is because the differential treatment of the sexual-orientation-based harassment *itself* established that the defendants treated the plaintiffs differently because of membership in an identifiable class. The Court found evidence of the individual defendants' motivations by examining their deliberate indifference to the known harassment.

Page 2 - **MOTION TO RECONSIDER RESPONSE TO JURY QUESTION**

To require the jury to find that Lior was harassed by peers because of gender; that Lior was treated differently than others similarly situated; and then to require a finding of "unequal treatment based on gender," requires the jury to make a finding of gender-based discrimination twice. It tells the jury: Even if you determine that Lior was subjected to sex-based bullying, and even if you find that defendants treated sex-based bullying towards Lior, the only nonbinary student at Oak Grove, differently from bullying that was not sex-based, you must *then* make an additional finding that the defendants' differential, sex-based treatment was based on sex. This suggests that the jury must find *other* evidence of discriminatory motive or intent, when in fact the intent element in the Equal Protection claim should be addressed through the deliberate indifference analysis.

Other cases establish that it is a discriminatory act to subject a student to a "sexually hostile educational environment created by a fellow student or students, when the supervising authorities knowingly fail to act or eliminate the harassment." *Davis v. Monroe*, 526 U.S. 629, 636 (1999). In the Title IX context, if the plaintiff proves that a District was deliberately indifferent to severe, pervasive, and objectively offensive sex-based harassment, the plaintiff need not also prove that the District's failure to act or eliminate the harassment was "based on gender" in some other way.

The same is true in the employment discrimination context. It is a discriminatory act to subject an employee to a hostile work environment based on sex, because "sexual harassment which creates a hostile or offensive environment for members of one sex is [an] arbitrary barrier to sexual equality at the workplace . . . a requirement that a man or woman run a gauntlet of sexual abuse in return for the privilege of being allowed to work and make a living can be as demeaning and disconcerting as the harshest of racial epithets." *Meritor Sav. Bank, FSB v.*

Page 3 - **MOTION TO RECONSIDER RESPONSE TO JURY QUESTION**

*Vinson*, 477 U.S. 57, 67 (1986). This is equally true in the school environment — discrimination because of gender occurs because the school district required Lior to run a gauntlet of gender-based abuse in return for the privilege of being allowed to attend school.

The Equal Protection clause does not require Lior to prove that the discrimination they suffered was based on gender in two different ways. That defendant failed to enforce the school's policies to protect Lior from gender-based harassment in the same way that she enforced those policies to protect other students establishes unequal treatment based on gender. For this reason, we respectfully ask that the Court re-consider its answer to the jurors' question.

DATED this 21st day of September, 2023.

JOHNSON JOHNSON LUCAS & MIDDLETON PC

    /s/ Caitlin Mitchell
**Caitlin V. Mitchell,** OSB No. 123964
cmitchell@justicelawyers.com
**Jennifer J. Middleton**, OSB No. 071510
jmiddleton@justicelawyers.com
975 Oak Street, Suite 1050
Eugene, OR 97401
Tel: (541) 484-2434
Fax: (541) 484-0882
Attorneys for Plaintiff

Page 4 - **MOTION TO RECONSIDER RESPONSE TO JURY QUESTION**

## CERTIFICATE OF SERVICE

      I certify that on September 21, 2023, a true copy of the **Motion to Reconsider Response to Jury Question** was served as indicated below:

| | |
|---|---|
| VICKERS PLASS, LLC<br>Karen Vickers<br>5200 Meadows Road, Suite 150<br>Lake Oswego, OR 97035<br>Phone: 503-517-2406<br>kvickers@vickersplass.com<br>Attorney for Defendants | [ ] U.S. Mail<br>[x] Electronic Filing<br>[ ] Email<br>[ ] Fax |

JOHNSON JOHNSON LUCAS & MIDDLETON, PC

*/s/ Jaclyn Hayes*

Jaclyn R. Hayes, Legal Assistant
541/484-2434
541/484-0882 fax
jhayes@justicelawyers.com

Page 1 – **CERTIFICATE OF SERVICE**