**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
Telephone: 503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
Telephone: 503-726-5975
VICKERS PLASS LLC
5200 Meadows SW Road, Suite 150
Lake Oswego, OR 97035

    Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| L.O.K., a Minor, by and through ELAINE KELSEY as L.O.K.'s Guardian and Next Friend,<br><br>    Plaintiffs,<br><br>v.<br><br>GREATER ALBANY PUBLIC SCHOOL DISTRICT 8J, MARK GULLICKSON and JERRIE MATUSZAK,<br><br>    Defendants. | Case No. 6:20-CV-0529-AA<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER RESPONSE TO JURY QUESTION |

### I.   The Court's answer to the jury's question was consistent with the jury instructions.

The Equal Protection claim against Matuszak, like all Equal Protection claims, requires proof that *Matuzsak* treated plaintiff differently based on a protected class. Consistent with that black letter understanding of an Equal Protection claim, this Court instructed the jury as follows:

    (1) Ms. Matuszak treated Lior differently than others who were similarly situated;
    (2) The unequal treatment was based on gender;
    (3) Ms. Matuszak acted intentionally or with deliberate indifference;
    (4) Lior suffered further bullying and harassment as a result.

Jury Instructions at p. 12 Special Instruction – Equal Protection.  **Plaintiff did not take exception to Jury Instruction 12.**

The jury asked the Court whether to answer yes to question 2 on the verdict form – "Did Jerrie Matuszak treat Lior differently than others who were similarly situated?" – it also had to find that the unequal treatment was based on gender.  The Court appropriately answered "Yes" to that question.  The only answer the Court could give the jury, based on the unexcepted to jury instruction, was "Yes."

Plaintiff now takes the position that the Court should have answered the jury's question "no" because, plaintiff argues, they did not need to prove element two of the instruction.  Essentially, plaintiff is asking the Court to re-consider its decision and effectively re-write a jury instruction to which plaintiff did not object.  Plaintiff's arguments are too late.  Federal Rule of Civil Procedure 51 requires objections to jury instruction before the jury retires to consider its verdict.

II.     **The Court's answer to the jury's question was proper.**

The elements of the Equal Protection claim are set forth above.  To prove their claim, plaintiff is required to show that LOK was treated differently by Matuszak based on their gender.  The instruction and the Court's answer to the jury's question was entirely consistent with *Flores v. Morgan Hill Unified School District,* 324 F.3d 1130 (9th Cir. 2003).  A plaintiff in an Equal Protection claim (or any discrimination claim) must always prove that unequal treatment was based on a protected characteristic.  If the unequal treatment is based on some other reason, then it is not unlawful.  Thus, plaintiff was required to prove – and the jury has already been

PAGE 2 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER

instructed – that Matuszak treated plaintiff differently based on their gender.

### III.   Changing the answer to the jury's question is problematic on multiple grounds.

First, the Court answered the jury's question and presumably the jury has deliberated based on the Court's instruction. It would be confusing for the jury to hear new instructions and re-do its deliberations. Second, the jury will be left confused about what standards to apply to plaintiff's claims. Third, defense counsel made its closing arguments based on the final version of the jury instructions provided just before argument.

A central theme of the defense case was that there was no evidence in this case that Matuszak treated Lior differently based on their gender. Changing the Court's answer to the jury question would fundamentally change the Equal Protection instruction, depriving the defendants of the opportunity to argue their case to the jury.

DATED: September 21, 2023.

VICKERS PLASS LLC

*s/ Karen M. Vickers*
**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
503-726-5975
   Of Attorneys for Defendants